Taylor, Chief-Justice.
 

 The attachment law introduced a mode of proceeding, unknown to the common law, and may operate injuriously' in cases where the Defendants reside in other governments, and obtain no notice of its issuing. The case therefore furnishes additional reasons for the application of the rule of common law, that the provisions of such statutes shall be strictly pursued, and be so construed, as to enforce on the Plain-tiffa compliance with those requisites, which are provided for the security of the Defendant. The making affidavit
 
 *400
 
 a in! giving bond are conditions precedent to granting the attachment : and returning the bond and affidavit to Court, are of consequence to the Defendant, to enable j|¡m t0 sce jlow far the Plaintiff has entitled himself to the attachment, and to obtain a compensation against him, if it be wrongfully sued. Indeed there is no law in the statute book, which more imperiously demands a strict construction
 
 ;
 
 for the property of an absentee may be all.sold upon an attachment wrongfully sued out, before he is apprised of the proceeding, and if then he should discover that no bond and affidavit were taken and returned, his remedy must be at best very imperfect. I take it therefore, that the law, having imposed on the Plaintiffs the duty of giving bond, and seeing that it is returned with the affidavit to Court, has made these three facts one condition, on which alone the Plaintiffs can issue an attachment, and I apprehend that it will appear that separating them for the purpose of pleading, will lead to a construction which destroys the text of the act, and tends to the elusion of its provisions.
 

 Upon the demurrer to the plea of abatement, the Plaintiff has first objected to it, on the score of duplicity.— The proposition is this, that it is not allowable to plead several facts, either of which, if true, would be sufficient to abate the attachment. But this is correct in (his sense only, that is, when the matters pleaded are distinct and unconnected with each other. This is shown by the cases cited of the two outlawries, or the two excommunications ; they have no connexion with each oilier, and either is sufficient to abate the action.
 
 (Bacon’s Mb. title Abatement
 
 P.) It is shown still more decisively, in the cases cited from 2 and 3
 
 Johns,
 
 in the first of w hicb the Defendant pleaded a discharge under the act of insolvency; the Plaintiff replied, setting forth all the grounds on which the discharge is made void by the act, in the words of the act. On demurrer the replication was held to be bad, because the Plaintiff had not specified the particu
 
 *401
 
 lar fraud, on which he meant to rely. It- was not necessary that all the grounds of fraud should concur to avoid the discharge, for the act'had given that effect to eacli of them severally. JSo in the other ease, to a similar plea, the Plaintiff replied three distinct and independent grounds to avoid the discharge, which would require several distinct points to be put in issue. These replications were very properly held to be defective, on account of duplicity. I have examined alb the pther oases cited, to which I have access, and they all proceed upon the same ground, that the facts relied upon are separate and independent of each other, and that each, if true, would form a good defence. This is a sound rule of pleading, for it would be. embarrassing to have, as many issues, as there were facts relied upon, when the trial of one would decide the question. . ■
 

 But the rule is very different, where the several facts pleaded have a dependence on each other — where the whole form one point or one defence. Thus it is laid down, “ if a man allege several matters, the one not having any dependence 'on the other, the plea is accounted double but if they be mutually depending on each other, then it is accounted as only single.”
 
 (Sys. of Pl.
 
 198). So it is said, that
 
 “
 
 if one plea contain divers matters in it, upon which an issue may be taken, yet this plea is not double, if it could not have been good without -alleging •those matters in it. For although the law does not allow captious pleas, yet it will not delay the Defendant to plead all such matters, that the case affords for his just defence.”
 
 Ibid.
 

 I cannot understand that there is any limitation to the number of facts, a man may rely upon in his plea, if they all converge to one point, and may be tried upon one issue. If a man is sued upon an obligation, he may plead that he was illiterate, that it was falseh read to him, besides that it was' delivered as an escrow, arid the con
 
 *402
 
 ditions not performed,, All f líese do not m;tke liis plea double, for they may be tried on one issue,
 
 non est factum. fSys. of PL
 
 200J. The position is confirmed and u-justrated by the modern cases. Thus in
 
 Robinson v. Rayley,
 
 (1
 
 Burr.
 
 316,) the Defendant in trespass pleaded a right in common for his cattle,
 
 levant
 
 and
 
 couchant.
 
 The' Plaintiff replied that they were not his own commonable cattle,
 
 levant
 
 and
 
 couchant.
 
 The Defendant, demurred specially, because the replication was multifarious ; but the Court held the replication good, the rule being not that issue must be joined on a single fact, but on a single point, and that it was not necessary that-lhis single point should consist only of a single fact. And in a case which approaches nearly to this in principle, the Defendant demurred to the replication, assigning for cause, that the Plaintiff, by the replication, liad attempted to put in issue three distinct facts, t he act of bankruptcy, the trading and the petitioning creditor’s debt. The Court held that these three facts connected together constituted but one entire proposition, and that the, replication was good. (
 
 Steph. on Pl.)
 
 274 ). In truth, it is difficult to find a special plea, that is not made up of a variety of facts, all however tending to and making parts of the same point of defence.
 

 The point in controversy here is, whether the Plaintiff has entitled himself to the attachment. The Defendant says he has not, because no bond and affidavit are taken and returned. Ifthe.se facts are traversed in the replication, and are found in favor of the Plaintiff, he lias done all that the law required, and it will appear to the Court that he is entitled to the attachment. There is no other way of showing it to the Court, and a different rule of pleading would have a manifest tendency to dispense with those safeguards, which the act has placed around the property of absentees. If appears to me that the Defendant is clearly entitled to call on the Plaintiff
 
 *403
 
 to show, that he has done all the law requires to entitle him. The consequences of a different doctrine may be of a most serious kind to Defendants so situated. Suppose the Defendant selects one fact, viz. that no has been returned to Court, and the Plaintiff takes issue upon it, and it is found against the Defendant, the Jury must assess damages, and the judgment is peremprory that the Plaintiff recover. Yet in such case, no bond may have been filed
 
 ;
 
 the attachment may have been sued out most injuriously, and the Defendant’s property taken, from him under colour of law, without the chance of redress. Let the consequences he traced, likewise upon the supposition, that the Defendant relies upon the plea that no bond has been given and returned, which is found against him, although the affidavit be filed.
 

 In whatever light T see this question, it seems to me, that the taking the bond and its return with the affidavit, constitute one point or qualification for the Plaintiff to prosecute the. attachment, that if he was sued for suing out the attachment maliciously, he'would be bound to aver them, inasmuch as the act has connected them together.
 

 As to the repugnancy, in whatever form the plea has been drawn, it is quite evident that the pleader meant to present the objection furnished by the act of
 
 1777,
 
 that a bond had not been taken and returned — that the Justice did not take a bond, and the bond
 
 which the act requires to he so taken,
 
 was not returned. It is the separating the taking of a bond from the return of it. that has created the apparent incongruity ; for if the plea had simply stated that no bond was taken and returned, it would have been unexceptionable. Comparing the plea with the act of Assembly, no doubt can exist of the object, and design of it, On the whole, we think the justice of the case may be obtained, by-giving the Plaintiff leave to withdraw the demurrer, and file the bond
 
 nunc pro tunc.
 
 If the bond
 
 *404
 
 and affidavit, heretofore taken,
 
 *
 
 be not returned, the demurrer must bo overruled.
 

 Per Cürxam — Let (be Plaintiff withdraw his demurrer and file Ins bond and affidavit
 
 nunc pro tunc.
 

 *
 

 It was slated in argument and not denied, that the Plaintiffs had made affidavit and given bond, but the Justice of the Peace had neglected to return them.